# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD C. MORGAN,
:
    Petitioner,                                Case No. 3:12-cv-254

:         District Judge Thomas M. Rose
   -vs-                                     Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  Chillicothe Correctional Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

On December 22, 2011, Petitioner filed Case No. 3:11-cv-450, a habeas corpus case against Respondent Robinson arising out of the same conviction in the Montgomery County Common Pleas Court which is collaterally attacked in the instant Petition. In that case the Magistrate Judge recommended that the District Court dismiss the Petition with prejudice as barred by the statute of limitations in 28 U.S.C. § 2244 and Judge Black adopted that recommendation and dismissed the case.

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. §2244(b) to read as follows:

> (b)
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because the instant Petition attacks the same state court judgment attacked in the prior case, it is a "second or successive" Petition which cannot be filed without permission of the United States Court of Appeals for the Sixth Circuit. In the absence of such a certificate, this Court lacks subject matter jurisdiction over this case. *Burton v. Stewart*, 549 U.S. 147 (2007).

Mr. Morgan apparently believes he can avoid the exhaustion doctrine, the procedural default doctrine, and the statute of limitations (which was fatal to his prior case) by pleading that he brings his case solely under "the 25th section of the Judiciary Act of 1789 wholly under the Act of Congress. No claims are time barred or procedurally defaulted nor do [sic] a defendant has to exhaust state remedies when claiming under the 25th section of the Judiciary Act of 1789. Again, wholly under the Act of Congress." (Petition, Doc. No. 1, PageID 5) Title 28 of the United States Code was enacted as positive law by the Act of June 25, 1948, thereby repealing

prior law dealing with the subject matter of the Judicial Code. Thus the Judiciary Act of 1789 is no longer law in the United States. In any event, § 25 of the Judiciary Act of 1789 conferred jurisdiction on the Supreme Court, and not on the district courts; even if it were still the law, it would not support jurisdiction of this Court over this case.

It is therefore respectfully recommended that the Petition herein be dismissed without prejudice for lack of subject matter jurisdiction. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify that any appeal would be objectively frivolous.

Petitioner should understand that he can ask the Sixth Circuit directly and without filing an appeal to certify this Petition as a second petition which this Court may hear.

July 31, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).