# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 12, 2013

Mr. Todd C. Morgan
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, OH 45601

Mr. Gene D. Park
Ms. Stephanie Lynn Watson
Office of the Ohio Attorney General
150 E. Gay Street
16th Floor
Columbus, OH 43215

Re:  Case No. 12-4054, *In re: Todd Morgan*
     Originating Case No. : 3:12-cv-00254

Dear Mr. Morgan and Counsel,

   The Court issued the enclosed Order today in this case.

                              Sincerely yours,

                              s/Cathryn Lovely for Cheryl Borkowski
                              Case Manager
                              Direct Dial No. 513-564-7035

cc:  John P. Hehman

Enclosure

No mandate to issue

No. 12-4054

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: TODD C. MORGAN, | ) ) ) | O R D E R |
| Movant. | ) ) ) ) |  |

FILED
Apr 12, 2013
DEBORAH S. HUNT, Clerk

Before: SUHRHEINRICH, MOORE, and McKEAGUE, Circuit Judges.

Todd C. Morgan, an Ohio prisoner proceeding pro se, moves the court for leave to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(b)(3)(A). The government has filed a response.

In 2002, an Ohio jury found Morgan guilty of three counts of aggravated robbery, three counts of kidnapping, and two counts of rape. Each count contained a firearm specification. After an appeal, Morgan was resentenced to an aggregate term of twelve years in prison.

In 2011, Morgan filed his first petition for a writ of habeas corpus, claiming (1) void commitment papers, and (2) void judgment because one of the jurors failed to sign one of the jury verdict forms. That petition was dismissed as untimely.

In 2012, Morgan filed his second petition for habeas relief, claiming that (1) the verdict was unlawful because one of the jurors did not sign one of the jury verdict forms, and (2) the government failed to turn over evidence pertaining to that claim that would have been favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court dismissed the petition because it was a second or successive petition for which this court had not granted permission. Morgan now seeks leave to file a second or successive petition for a writ of habeas corpus.

In his motion, Morgan contends that the verdict in his case is unlawful because only eleven jurors signed the jury verdict form and that the government failed to turn over evidence pertaining to that issue in violation of *Brady*.

No. 12-4054
- 2 -

Before Morgan may file a second or successive petition, he must first obtain our permission to do so. 28 U.S.C. § 2244(b)(3)(A). Before we may grant a request to file a second or successive § 2254 petition, Morgan must make a prima facie showing that (1) newly discovered evidence exists that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). A claim that was raised in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1).

Upon careful consideration, we conclude that this case does not involve newly discovered evidence or present a new rule of constitutional law made retroactive to cases on collateral review. Moreover, Morgan raised his jury verdict claim in his prior habeas petition and it thus must be dismissed pursuant to § 2244(b)(1). Consequently, Morgan has not met the statutory requirements for filing a second or successive § 2254 petition, and the motion is denied.

ENTERED BY ORDER OF THE COURT

Clerk